UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

                Plaintiffs,

                - against -

DEPARTMENT OF DEFENSE, NATIONAL
SECURITY AGENCY, OFFICE OF THE DIRECTOR
OF NATIONAL INTELLIGENCE, DEPARTMENT
OF JUSTICE, FEDERAL BUREAU OF
INVESTIGATION, and
CENTRAL INTELLIGENCE AGENCY,

                Defendants.

---------------------------------------------------------------X

**COMPLAINT**

15-cv-6979

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

      1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records from Defendants Department of Defense ("DOD"), National Security Agency ("NSA"), Office of the Director of National Intelligence ("ODNI"), Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), and Central Intelligence Agency ("CIA") in response to requests properly made by Plaintiffs The New York Times Company and Charlie Savage (collectively "The Times").

1

59147

## PARTIES

2.  Plaintiff The New York Times Company publishes The New York Times newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

3.  Plaintiff Charlie Savage is a reporter for The New York Times.

4.  All Defendants are agencies of the federal government that are subject to FOIA and have possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.  Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.  Plaintiffs have exhausted all administrative remedies available in regards to the request at issue. Each Defendant failed to respond to the request within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.  On April 30, 2015, Mr. Savage submitted an identical FOIA request (the "Request") to each agency concerning Executive Order 12333.

9.  Executive Order 12333 was signed by President Ronald Reagan on December 4, 1981 and was later amended on several occasions. It regulates foreign intelligence activities by executive branch agencies, including electronic surveillance.

10. Over the last two years, disclosures by Edward Snowden and declassifications by the Government have made public much information about Government surveillance and data collection activities.

11. Some of those activities are regulated by rules imposed by the Foreign Intelligence Surveillance Act ("FISA"), including amendments to that statute made by Section 215 of the USA PATRIOT Act and Section 702 of the FISA Amendments Act. Other activities are not covered by FISA and so are regulated only by Executive Order 12333, which imposes fewer restrictions on the Government.

12. The degree of legal scrutiny to which intelligence activity is subject is determined by whether the activity is regulated by FISA or Executive Order 12333. Surveillance under FISA, for instance, involves oversight by the Foreign Intelligence Surveillance Court and statutory protections related to privacy and other civil liberties.

13. FISA-regulated intelligence activities generally involve surveillance and data collection involving a wire within the United States. By contrast, Executive Order 12333 establishes rules for surveillance activities where FISA does not apply, a category that generally includes intercepted satellite transmissions and data collection from a wire abroad.

14. In particular, unlike intelligence-gathering activities conducted pursuant to Executive Order 12333, activities regulated by FISA must be "targeted," meaning that the Government may collect the content of communications only pertaining to individuals or entities meeting certain criteria. Executive Order 12333 permits the collection of communications content in bulk, and without specific "targeting."

15. Because of how data packets flow across the cables and servers that make up much of the infrastructure of the Internet, as well as because the deliberate choices of Internet

59147

communications providers to store backup copies of user data in overseas data centers, purely domestic communications – such as e-mails between two U.S. citizens located on domestic soil – sometimes pass through cables located abroad.

16. This routing of domestic communications to locations abroad could result in the collection of the content of those communications by government agencies under Executive Order 12333, a scenario that would appear not to require a court order. Specifically, Executive Order 12333 permits the collection of communications obtained in an "incidental" manner.

17. Such "incidental" collection can occur when a U.S.-based person is communicating with or about a foreigner abroad who has been targeted for individualized surveillance or when a U.S.-based person's communications, routed abroad and intermingled with foreigners' data, are swept up through indiscriminate bulk collection techniques.

18. Prior to 2008, Executive Order 12333 did not permit the NSA to share intercepted communications data collected under that order with other intelligence agencies unless the data had first been "minimized" to mask the identities of Americans and irrelevant private details about them.

19. In 2008, President George W. Bush modified Executive Order 12333 to permit the NSA to share raw surveillance information with other agencies without first applying minimization procedures. The change could take place after the Director of National Intelligence, working with the Secretary of Defense and the Attorney General, established procedures governing such activity.

20. The change to Executive Order 12333 echoed a similar modification in 2002 of the rules governing the sharing of raw information gathered through FISA-regulated

surveillance and data collection techniques.  This 2002 rule alteration allowed the CIA, FBI, NSA, and National Counterterrorism Center share unprocessed and unminimized communications collected under FISA and the FISA Amendments Act and to search the resulting storehouse of shared raw information for the names of individual Americans.

21. Similarly, the 2008 change to the Executive Order 12333 rules raises the possibility that these same intelligence and law enforcement agencies could search for and read the contents of private communications between Americans "incidentally" collected by the NSA under 12333 rules, without a court order.

22. In August 2014, The New York Times reported that the Obama administration was working on formal procedures that would govern information sharing and database querying as contemplated by the 2008 modification to Executive Order 12333.

23. In an effort to report more fully on the status and details of these procedures, The Times submitted the Request.

24. The Request sought "copies of all records maintained by your respective department or agency regarding the development of procedures to permit elements of the intelligence community to disseminate or make available to other intelligence community elements raw or unprocessed information derived from signals intelligence gathered under Executive Order 12333 for purposes of allowing the recipient element to determine whether the information is relevant to its responsibilities and can be retained by it, pursuant to Section 2.3 of Executive Order 12333, as amended in 2008."

25. The Request specified that its scope included "any final procedures approved by the Secretary of Defense and/or the Attorney General" related to that topic.

59147

26. Additionally, the Request specified that its scope included "any emails or memos related to this issue" and "any invitations to meetings and conference calls related to the issue."

27. In further specifying its scope, the Request said it was seeking any draft procedures concerning the sharing of raw or unprocessed information obtained pursuant to Executive Order 12333.

28. Defendant agencies acknowledged receiving the Request but none has provided a response to the Request.

29. The substantive response to the Request from each agency, either producing documents or denying the request in accordance with FOIA, was due no later than 20 business days after receipt of the request.

## COUNT

30. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

31. Each Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

32. Under 5 U.S.C. § 552(a)(6)(A), each Defendant was required to provide documents or issue a denial within 20 business days of receiving the Request.

59147

33. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

34. Accordingly, The Times is deemed to have exhausted its administrative remedies as to the Request in respect to each Defendant.

35. Defendants have asserted no lawful basis under FOIA for withholding documents asked for by the Request.

36. Defendants' failure to provide responsive documents violates FOIA.

37. Accordingly, The Times is entitled to an order compelling each Defendant to undertake an adequate search of its records and produce the documents sought by the Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b. Order each Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant Plaintiffs such other and further relief as this Court deems just and proper.

59147

Dated: New York, New York
September 3, 2015

                 /s/
                Jeremy A. Kutner, Esq.
                David E. McCraw, Esq.
                Legal Department
                The New York Times Company
                620 8th Avenue, 18th Floor
                New York, NY 10018
                phone: (212) 556-5188
                fax: (212) 556-1009
                e-mail: jeremy.kutner@nytimes.com
                *Counsel for Plaintiffs*

59147